UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREL SOUCRE,

    Plaintiff,

v.                                                   Case No: 8:14-cv-2815-T-30TBM

CITY OF TAMPA,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss (Dkt. #3) and Plaintiff's Response in Opposition to the Motion (Dkt. #8). Upon review and consideration, it is the Court's conclusion that the Motion should be granted in part and denied in part.

*Background*

On October 28, 2011, the Plaintiff was working as a photojournalist covering the Occupy Tampa movement. Plaintiff alleges that as he was filming the protesters, Officer L.J. Miles, a Tampa police officer, exited his patrol car and approached Plaintiff. Thereafter, Officer Miles, without provocation, pushed Plaintiff to the ground and he sustained injury as a result of the fall. Officer Miles walked away, but returned and placed Plaintiff under arrest after hearing him call for medical help. Plaintiff asserts that he committed no crime and that Officer Miles lacked probable cause for the arrest for

obstructing or opposing an officer without violence, a violation of Florida Statute § 843.02. The State Attorney did not pursue the charge.

Plaintiff alleges that even though he was hurt, his medical issues were ignored for thirty minutes. He was ultimately transported to the hospital by ambulance where he was treated for injury to his neck and back, from which he still suffers. In Counts I through VII, Plaintiff alleges claims for municipal liability pursuant to 42 U.S.C. § 1983 ("Section 1983") against the city of Tampa (the "City"). In Counts VIII through XII Plaintiff seeks redress for state torts and state constitutional violations.

*Discussion*

### I. Motion to Dismiss Standard

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank*, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted). "A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c)*; see Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

## II. The City's Motion to Dismiss

The City argues that the claims for excessive force, false arrest, false imprisonment and violations of the First Amendment are all predicated on a theory of *respondeat superior* which is insufficient to state a claim for municipal liability under Section 1983. Further, the claims for false arrest and false imprisonment are duplicative; and the claims for failure to train, failure to supervise, negligent training and supervision, and state constitutional violations fail to state a cause of action.

## III. Section 1983 Claims

Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law. *Id*. Municipalities and other local-government units are included among the "persons" to whom Section 1983 applies. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To state a claim under Section 1983 against a municipality, a Plaintiff must allege that the constitutional injury is caused by the execution of a government entity's official custom or policy. *Id*. at 694. But a municipal employer is not vicariously liable under Section 1983

for injuries caused solely by its employees. *Id*. at 691–94; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

A plaintiff can only impose Section 1983 liability on a municipality if the plaintiff can show (1) that his constitutional rights were violated, (2) that the municipality had a custom or policy that constituted deliberate indifference to that right, and (3) that the policy or custom caused the constitutional violation. *McDowell,* 392 F.3d at 1289.

Plaintiff has sufficiently alleged his cause of action against the City under this standard. Plaintiff alleges that "The CITY has adopted policies, procedures, practices or customs, within the [Tampa Police Department], that allow for, among other things, the use of false arrests, false imprisonment, battery, excessive use of force, and failing to train to prevent the infliction of severe emotional distress when other more reasonable and less drastic methods are available, as it relates to conduct targeted at photojournalists." For the purposes of the Motion to Dismiss, Plaintiff has alleged, "a direct causal link between the municipal action and the deprivation of federal rights." *Cuesta v. Sch. Bd. of Miami-Dade County, Fla.,* 285 F.3d 962, 967 (11th Cir. 2002).

### IV. State Law Claims

Generally, Florida law permits a plaintiff to recover against a municipality for the tortious acts of its employees based upon a theory of vicarious liability. *Laster v. City of Tampa Police Dept.*, 575 Fed. App'x. 869, 872 (11th Cir. 2014) (citing *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 n. 18 (11th Cir. 1988); Fla. Stat. § 768.28). To prevail on a theory of vicarious liability against the City under section 768.28, Plaintiff has to show liability on the part of the City's employee. *Laster*, 575 Fed. App'x. at 873. However, a

municipality cannot be held liable for an employee's acts or omissions committed in bad faith or with a malicious purpose or that are wanton and willful. 768.28(9)(a).  *See also Petithomme v. County of Miami Dade*, 11-20525-CIV, 2011 WL 3648622 (S.D. Fla. Aug. 16, 2011) *aff'd sub nom. Petithomme v. County of Miami-Dade*, 511 Fed. App'x. 966 (11th Cir. 2013).

Plaintiff's claims for negligent supervision and training are sufficient to survive a motion to dismiss. The Court takes the allegations in the light most favorable to Plaintiff. Therefore, it will read the allegations as alleging a claim for improper implementation or operation of the City's training program as opposed to a claim challenging the City's policy decisions regarding what to include in the training of its police officers; which is an exception to the wavier of sovereign immunity.  *See Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1266 (11th Cir. 2001) (a city's decision regarding how to train its officers and what subject matter to include in the training is barred as a discretionary function exception to the waiver of sovereign immunity).

Plaintiff's claim for money damages due to violation of his state constitutional rights in Count XII is barred by the state's sovereign immunity.  The Florida Supreme Court stated that "§ 768.28, when viewed alone, was intended to render the state and its agencies liable for damages for traditional torts under state law, but to exclude such liability for 'constitutional torts.' " *Hill v. Department of Corrections*, 513 So. 2d 129, 133 (Fla.1987) (quoting *Gamble v. Florida Department of Health and Rehabilitative Services*, 779 F.2d 1509, 1515 (11th Cir. 1986)). The United States Supreme Court later overruled *Hill* to the extent that it prohibited bringing federal civil rights actions arising under Section 1983 in

Florida courts. *See Howlett v. Rose*, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). However, *Hill* 's broader statement that the waiver of sovereign immunity pursuant to section 768.28 extended to traditional torts but not to state "constitutional torts" remains good law. *See Garcia v. Reyes*, 697 So. 2d 549 (Fla. 4th DCA 1997).

### V.   Duplicity of False Imprisonment and False Arrest Claims

The City asserts that false imprisonment and false arrest claims both concern the unlawful restraint of a person, and in this case there was only one continuous restraint. Under Florida law, at least in the Second District Court of Appeal, false arrest and false imprisonment are separate causes of action. *See Mathis v. Coats*, 24 So. 3d 1284, 1289 (Fla. 2d DCA 2010) ("False arrest and false imprisonment are closely related, but false imprisonment is a broader common law tort; false arrest is only one of several methods of committing false imprisonment."). *See also Strickland v. Jacobs*, 66 So. 3d 412, 414, n. 1 (Fla. 2d DCA 2011) (same). In *Strickland*, the Second District Court of appeal noted that other courts have taken a different view. *Id*. (citing *Andrews v. Fla. Parole Comm'n*, 768 So. 2d 1257, 1266 (Fla. 1st DCA 2000) ("[F]alse imprisonment and false arrest are essentially the same tort[.]"); *Weissman v. K–Mart Corp.*, 396 So. 2d 1164, 1165 n. 1 (Fla. 3d DCA 1981) ("False arrest and false imprisonment are different labels for the same cause of action.")). The Court will not decide at this time which view will ultimately prevail in this case, but only holds that Plaintiff may proceed on both a false arrest and false imprisonment under his state law claims. As to his Section 1983 claims, the Court dismisses Count III for false imprisonment as duplicative.

## Conclusion

The Court concludes that Defendant's Motion to Dismiss should be granted as to Count III and Count XII.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. #3) is GRANTED in part and DENIED in part as stated herein.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of January, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2815 mtd.docx